**Sukhwinder SINGH, Petitioner,**

v.

**Alberto GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 04–0894–AG.**

United States Court of Appeals, Second Circuit.

Feb. 17, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Parker Waggaman, Gell & Gell, New York, New York, for Petitioner.

Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, Toi Denise Houston, Assistant United States Attorney, Hammond, Indiana, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED.**

Sukhwinder Singh, a native and citizen of India, petitions for review of a BIA decision affirming an immigration judge's ("IJ's") denial of his asylum and withholding of removal claims. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a short opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's opinion as modified by the BIA. *Ming Xia Chen v. Board of Immigration Appeals,* 435 F.3d 141, 144 (2d Cir.2006). Since the BIA did not adopt the IJ's adverse credibility determination, we do not review that factual finding, and instead examine only the BIA's determination that Singh "failed to establish the required nexus between his circumstances in India and one of the enumerated grounds in the [INA] for the establishment of refugee status." *See Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005) (citing with approval the statement that "only if the BIA expressly adopts or defers to a finding of the IJ, will we review the decision of the IJ" in *Kayembe v. Ashcroft,* 334 F.3d 231, 234 (3d Cir.2003)).

An asylum applicant bears the burden of establishing that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). We review *de novo* the BIA's application of legal principles, including whether the persecution allegedly faced by the applicant is connected to one of these protected grounds. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Upon a full review of the record, we find that the BIA did not err in concluding that Singh has failed to establish the requisite nexus between the prosecution that he fears and any of these protected grounds. This failure necessarily defeats Singh's asylum claim. *Chun Gao v. Gonzales,* 424 F.3d 122, 127 (2d Cir.2005). Moreover, since "an applicant unable to demonstrate eligibility for asylum cannot demonstrate eligibility for withholding of removal," Singh's inability to demonstrate that his persecution claim is related to a protected ground defeats his withholding of removal claim as well. *Id.* at 128.

For the foregoing reasons, we hereby **DENY** Singh's petition for review. Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Feder-

al Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).